IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

HENRY MARVIN MOSS,                    :
                                      :
        Petitioner,                   :
                                      :
vs.                                   :      Civil Action File No.
                                      :      **1:08-CV-13 (WLS)**
HUGH SMITH, Warden,                   :
                                      :
        Respondent.                   :
_____

## RECOMMENDATION

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss the petition as untimely filed.  The undersigned advised the petitioner of the motion and the need to file a response to the same; however, the petitioner has failed to respond to the motion.

### *Respondent's Motion to Dismiss (Tab 7)*

Respondent asserts that this petition should be dismissed for being untimely filed.  Petitioner, Henry Marvin Moss, was convicted of theft by taking, two counts of harassing phone calls, and two counts of telephone communication for indecent purposes after a jury trial in Dougherty County on August 27, 1999.  Moss v. State, 245 Ga. App. 811, 538 S.E.2d 876 (2000). Petitioner was sentenced to a 12-month consecutive sentence on each count. Petitioner's convictions and sentences were affirmed on direct appeal on September 7, 2000.

While the direct appeal was pending, Petitioner filed a state habeas corpus petition on March 13, 2000, in which he sought to challenge his Dougherty County convictions.  However, the petition was dismissed as premature on May 3, 2000.  Petitioner did not appeal this order.

Petitioner then  filed a petition for writ of habeas corpus in the Superior Court of Charlton

County on October 4, 2000, challenging his Dougherty County convictions.  On January 14,

2002, Petitioner's case was dismissed for want of prosecution. Petitioner did not appeal this

order.

In 2001, Petitioner filed a federal habeas petition in this Court challenging the same

Dougherty County convictions; however, the petition was dismissed that same year as

unexhausted. Moss v. Baisden, No. 1:01-CV-94-2(WLS) (M.D. Ga. 2001).  On December 27,

2007, Petitioner submitted for filing the instant federal petition pursuant to 28 U.S.C. § 2254,

challenging his Dougherty County convictions.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law

on April 24, 1996.

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
by a person in custody pursuant to the judgment of a State court. The limitation period shall
run from the latest of–
     (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;
     (B) the date on which the impediment to filing an application created by State
     action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;
     (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court
     and made retroactively applicable to cases on collateral review; or
     (D) the date on which the factual predicate of the claim or claims presented could
     have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other
collateral review with respect to the pertinent judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.


A conviction is "final" for habeas corpus review when direct review has concluded or the

time for seeking further appellate review has expired.  Clay v. United States, 537 U.S. 522, 527 (2003).

Petitioner waited almost five years between the time his state habeas was dismissed for want of prosecution until 2007 to file this federal petition.  It is clear that the petition is untimely filed, and petitioner has failed to rebut this motion to dismiss in any way.

Consequently, for the reasons aforesaid, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition be **GRANTED** and that petitioner's petition for writ of *habeas corpus* be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 25th  day of November, 2008.

//S Richard L. Hodge
RICHARD L HODGE
UNITED STATES MAGISTRATE JUDGE

msd

3